ROBERTSON, Justice
(dissenting) :
With deference, I respectfully dissent.
I feel that the trial judge committed two errors in excluding evidence, which rulings kept the jury from getting a full and complete picture of the factors involved in valuing the land sought to be condemned, and caused the jury to bring in an excessive and unreasonable verdict completely out-of-line with the credible testimony adduced.
The Wright land is cut-over Pearl River bottom land, most of which is subject to frequent and substantial overflow from Pearl River. The only part of the Reservoir that is visible from this land is about 30 or 40 feet of the south side of the tremendous earthen dam. There are no lakes of any kind on this property, and all merchantable timber has been cut.
The only possible uses that this property could be put to, according to all the appraisers, are: (1) growing timber or (2) hunting and fishing camps. The closest land being used exclusively for hunting and fishing was the property of Mule Jail Hunting and Fishing Club immediately southeast of and adjacent to the Wright land. The witnesses for the appellant and appellee were questioned extensively about this Club’s property, but when it finally came down to the question of the value of the said Club’s property, the trial judge sustained an objection to the introduction of any evidence of a sale in 1959 of an undivided one-eighth interest in the 450 acres of club property by Hunter Morehead to Dr. Charles Neill for $7,000 cash, which is $125.00 per acre for 56 acres. The purchaser received a deed conveying this undivided one-eighth interest in land to him. The only restriction on the sale of a club member’s share was that the purchaser be a person satisfactory to the other seven club members.
Hunter Morehead was a good business man and a former supervisor of Hinds County. I am sure that he worked hard to make the best sale possible and that this sale to Dr. Neill represented his best efforts. It was an arms-length transaction, a voluntary sale by a willing seller to a willing buyer. That has always been the best method of determining the market price of property. To me, this was the most comparable sale that could be found and the failure of the trial judge to admit evidence of this sale, áfter allowing the appellee to fully discuss this property, was to give the appellee all of the advantages and none of the disadvantages.
The Mule Jail Hunting and Fishing Club property is ideal for hunting and fishing. There are several natural lakes thereon, and the entire property has been carefully managed to preserve the natural habitat of game animals. It is much better suited for these purposes than the Wright land and yet testimony of a bona fide sale was not allowed.
The trial judge also committed error in restricting the appellant’s right to cross-examine appellee’s witnesses on the availability and amount of much more suitable land for hunting and fishing camps all around the Reservoir.
The end result of these errors was a very excessive and unreasonable verdict. I believe that the jury was misled and confused by the failure of the trial judge to allow it to receive the complete and total picture. I feel that the totality of these errors inevitably led to the excessive and unreasonable verdict of $102,000 for cutover swamp land in the Pearl River bottom.
I feel that the maximum possible value of this land in 1963 was about $250.00 per acre or a total of $63,750. My thought would be that the appellee should be afforded the option of accepting a $38,250 re-mittitur or a new trial.